COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Ex Parte Octavian Becciu v. The State of Texas

Appellate case number:     01-19-00800-CR

Trial court case number:   1799007A

Trial court:                County Criminal Court at Law No. 9 of Harris County

Appellant, Octavian Becciu, has filed a notice of appeal of the trial court's order denying his application for a writ of habeas corpus. On October 21, 2019, the trial court clerk filed a clerk's record that includes a signed order denying appellant's application for a writ of habeas corpus. However, the clerk's record does not include findings of fact and conclusions of law. TEX. CODE CRIM. PROC. art. 11.072, § 7(a). **Accordingly, we direct the trial court to immediately** enter written findings of fact and conclusions of law in compliance with Texas Code of Criminal Procedure article 11.072, section 7(a).

The trial court clerk is **directed** to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law regarding its denial of appellant's application for a writ of habeas corpus. The supplemental clerk's record shall be filed with the Clerk of this Court no later than 15 days from the date of this order. *See* TEX. R. APP. P. 34.5(c)(2).

We further **notify** appellant that the court reporter has notified the Court that a reporter's record exists in this case and appellant has requested the reporter's record, but appellant has not paid or made arrangements to pay for the record and is not appealing as indigent. TEX. R. APP. P. 31.1, 34.6(b), 35.3(b)(2)–(3). The Court **orders** appellant to pay or make arrangements to pay for the reporter's record and to file written evidence with this Court that such payment or payment arrangements have been made within 10 days of this order. TEX. R. APP. P. 31.1, 35.3(c). If appellant does not pay or make arrangements to pay for the reporter's record and provide proof within 10 days of this order, the Court may require appellant to file a brief without a reporter's record and we may consider and decide only those issues or points that do not require a reporter's record for a decision. TEX. R. APP. P. 37.3(c).

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings of fact and conclusions of law are filed with the Clerk of this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion.

It is so ORDERED.


Judge's signature:   /s/  Evelyn V. Keyes
                     ☑  Acting individually     ☐ Acting for the Court


Date:   December 5, 2019